Hon. ASA O. ALDIS,
Hon. JOHN PIERPOINT, } *Assistant Judges.*
Hon. JAMES BARRETT,

---

## WILLIAM MERRITT AND LUCIUS B. KENT *v.* CHARLES C. CLOSSON.

### *Variance. Covenant. Damages.*

Where the plaintiff declared on an express covenant in a lease, the court could not properly allow him to recover upon an implied covenant, gathered from the whole lease, totally different from the one declared on, when the objection was specifically taken, though it was not raised until the proof was all in.

The plaintiffs, tenants, had paid a part of the rent of leased premises, when they were ousted by the defendant, who took all the crops. *Held,* that in estimating the damages the defendant is entitled to have the unpaid rent deducted from the value of the crops, though he could not maintain an independent action to recover it.

COVENANT. Plea, *non est factum*, and notice. Trial by jury, June Term, 1862, PECK, J., presiding. The facts in the case are sufficiently stated in the opinion of the court. Verdict for the plaintiffs,—exceptions by the defendant.

*O. H. Smith* and *C. J. Gleason*, for the defendant, cited *Alcott v. Dunklee*, 16 Vt., 478; *Sherwin & Salpaugh*, v. *R. & B. R. R. Co.*, 24 Vt. 347; *Lawrence* v. *Davey*, 28 Vt. 264; *Kettle* v. *Harvey et al.*, 21 Vt. 301.

*R. McK. Ormsbee*, for the plaintiff.

POLAND, CH. J. The plaintiffs' declaration sets out a lease from the defendant to the plaintiffs for a term of three years, and a covenant by the defendant that the plaintiffs shall quietly enjoy the premises during that term, on condition that the plaintiffs themselves perform all the covenants on their part. The declaration then alleges performance of all the covenants on the part of the plaintiffs up to the time of their expulsion from the premises by the defendant in the fall of the first year.

The lease between the parties produced and proved on the trial contains such a covenant as is set out in the declaration, that the plaintiffs shall peaceably and quietly hold and enjoy the premises for three years, if they shall faithfully fulfil the contract on their part. The defendant introduced evidence tending to prove that before he entered and expelled the plaintiffs from the premises, they had been guilty of several violations of the covenants on their part, for good husbandry, and not to cut wood or timber except for the necessary use of the farm. If the evidence was sufficient to establish these breaches by the plaintiffs, it furnished a good defence to the defendant upon this express conditional contract, because this was dependant upon performance by the plaintiffs. The force and effect of this proof, if it established the alleged breaches by the plaintiff of their covenants, seems not to have been denied by the county court, but they held that taking the whole language of the lease together, there was an

implied covenant on the part of the defendant that the plaintiffs should hold and enjoy the premises for one year, which was not conditional or dependant upon their performance of their covenants during that year, and that the plaintiffs could recover upon such implied covenant, notwithstanding breaches on their part.

The lease is singular in its terms and evidently drawn by a person but little skilled in the making of legal instruments.

In the outset the lease is stated to be for one or more years. Then follow provisions as to the payment of the rent for the first and second years, in a particular manner, in improvements on the farm, and that after the second year the interest of these improvements is to be added to the rent. The lessor is to put on certain personal property, which at the end of the term is to be returned in equally good condition. The lessees are to pay all taxes, to carry on the farm in a good husbandlike manner, to get out a certain quantity of manure annually, are not to cut wood or timber except for use of the farm, &c., and they agree that all the crops of the farm are to be holden for the faithful performance of the contract by them.

The lease then concludes with the covenant by the defendant declared on, that if the plaintiffs perform on their part, they shall quietly enjoy the premises for three years.

We are not prepared to say that the county court were not entirely right in holding that from the whole lease it may be gathered that the intent of the parties was, that it should be an absolute lease for one year at least, not dependant upon performance by the plaintiffs, and that a covenant can be implied for quiet enjoyment for that period.

But the defendant objected to the plaintiffs' being allowed to recover in this action upon such an implied covenant, upon the ground that it was altogether a different and variant covenant, from the one set out in the declaration, and seasonably called the attention of the court to it and requested the court so to instruct the jury. But no attention was given to this request. In this we think there was error.

As no objection had been made on the score of variance, until

Merritt et al *v.* Closson.

all the evidence was introduced, the court would doubtless have been justified in allowing the declaration to be amended, even on the trial, had leave been asked, but that was not done.

But they could not properly allow the plaintiffs to recover upon a covenant totally different from the one declared on, when the objection was specifically taken, though it was not raised till the proof was all in. Nor do we see how the defendant was in fault in not taking the objection when the lease was offered in evidence, because the lease.contained just such an express covenant as that declared on, so that there was no variance between the proof and the declaration in that respect, and it does not appear that at that stage of the case, the plaintiffs claimed that they should be allowed to recover for the breach of any implied covenant.

We are of opinion also that the court erred in the rule of damages they gave to the jury.

The plaintiffs had paid a part of the rent for the first year, but not the whole, when they were ousted from the premises by the defendant, and the defendant took all the crops on the place, harvested and unharvested, and also the stock and other personal property he had put on the place.

The court told the jury that the defendant by thus ousting the plaintiffs forfeited all right to that portion of the rent unpaid, and that therefore the crops taken by him were to be estimated at their full value, without deducting anything for the unpaid rent. It is undoubtedly true the defendant could not, if he ousted his tenant during the term maintain any action to recover the rent to be paid for the term. But the question here was, what damage or loss had the plaintiffs suffered by the wrongful act, or breach of contract, on the part of the defendant. What would they have gained, or been entitled to, if the defendant had allowed them to remain on the premises till the end of the year? They would have had the use of the premises, and the personal property to the end of the year, subject to the payment of the balance of the rent, and the expense of keeping the stock. By being ousted from the premises, the plaintiffs lost the use of the

premises for the residue of the year, the crops on the farm, and the use of the personal property, but they also were relieved from the burden of paying the balance of the rent, and from keeping the stock through the winter. The true value of damages was the difference in value between the two conditions. The county court recognized this in part, and decided that nothing should be allowed to the plaintiffs for the loss of the use of the premises for the residue of the year, as the evidence showed that the unpaid rent was more than the value of such use, and if they remained they would have the rent to pay. So the jury were directed, if they found that the keeping of the stock through the winter would cost the plaintiffs more than the worth of the use of the stock, the difference should be deducted from the value of the crops. If there was still, after the allowance of these deductions, any sum of unpaid rent which the plaintiffs would have had to pay if they had not been ousted in order to entitle them to have the crops as their own by the terms of the lease, that should have also been deducted.

In actions-for breach of contract where the damages are open and unliquidated, the true rule of damages is to requite the party for what he has actually lost by the violation of the contract by the other.

This case is like that of a conditional sale of property, where the price has been partly paid. If the vendor wrongfully takes it away from the purchaser, and thereby deprives him of the right to pay the balance, and so become the entire owner, the purchaser cannot recover the full value of the property, but only its value deducting what remains due toward the price.

The judgment of the county court is therefore reversed, and a new trial granted.